IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GABRIELLA VEGA,

    *Plaintiff,*

    v.                               Civil Action No. ELH-22-0150

BLEUES ON THE WATER, *et al.*,

    *Defendants.*

## MEMORANDUM

On January 19, 2022, plaintiff Gabriella Vega filed suit against her former employer, defendant Bleues On The Water, Inc. ("Bleues"), as well as the owners and operators of Bleues, defendants Thomas Steuhler and Nancy Irene Steuhler. ECF 1 (the "Complaint"). The Complaint lodges claims against defendants for violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* (Count I); violation of the Maryland Wage and Hour Law, Md. Code (2016 Repl. Vol., 2017 Supp.), § 3-401 *et seq.* of the Labor and Employment Article ("L.E.") (Count II); and violation of the Maryland Wage Payment and Collection Law, L.E. § 3-501 *et seq.* (Count III). *See id.* ¶¶ 35-55.

Summons were issued on January 20, 2022. ECF 2. Pursuant to Fed. R. Civ. P. 4(m), plaintiff was required to serve defendants by April 19, 2022. And, on February 14, 2022, summons were returned executed, reflecting that Mr. and Ms. Steuhler were each served via private process server on January 26, 2022. *See* ECF 3 (Ms. Steuhler); ECF 4 (Mr. Steuhler). Under Fed. R. Civ. P. 12(a)(1)(A)(i), defendants were required to respond to the Complaint by February 16, 2022. However, they failed to do so. *See* Docket.

Notably, plaintiff did not submit any evidence establishing that Bleues was served in accordance with Fed. R. Civ. P. 4(m).  That rule requires a plaintiff to serve a defendant "within 90 days after the complaint is filed."  If a defendant is not served within the prescribed time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*  Accordingly, by Order of April 21, 2022 (ECF 5), the Court directed plaintiff to effect service of process upon Bleues by May 19, 2022, or, alternatively, show cause by that date as to why the claims against Bleues should not be dismissed, without prejudice, under Fed. R. Civ. P. 4(m).  Additionally, I instructed plaintiff to submit a status report with the Court by the same date, indicating whether she intended to pursue her claims against Mr. and Ms. Steuhler.  *Id.*

Vega failed to file the requested status report by the specified date.  Nevertheless, by Order of May 23, 2022 (ECF 6), I afforded plaintiff one further opportunity to provide the Court with a status report, indicating whether she had effected service on Bleues as well as whether she sought to pursue her claims against the Steuhlers, due by June 14, 2022.   I also warned: "[F]ailure to comply with this Order will result in dismissal of [the] suit."  *Id.* at 2.

Plaintiff filed the requested status report on June 14, 2022 (ECF 7), accompanied by three exhibits.  ECF 7-1; ECF 7-2; ECF 7-3.  She indicated that she had "delayed filing for an entry of order of default due to correspondence from bankruptcy counsel claiming that the Steuhlers were on the brink of filing for bankruptcy protection."  ECF 7 at 1; *see* ECF 7-1 (email correspondence between parties' counsel).

Vega also advised that she had "struggled to serve Bleues because its Resident Agent had purportedly passed away."  ECF 7 at 2; *see* ECF 7-2 (Affidavit of Due Diligence).   Thus, plaintiff effected service on Bleues by delivering a summons and a copy of the Complaint to the Maryland

State Department of Assessments and Taxation ("SDAT").  *See* Md. Rule 2-124(o)(ii) (permitting substituted service on a corporation or other business entity required to have a resident agent, via service on SDAT, where "the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation"); *see also* Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (permitting service on a corporation or other business entity by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located").

Specifically, Vega "delivered the documents to SDAT on April 28, 2022.  ECF 7; see ECF 7-3 (Affidavit of Proof of Service).   And, on June 1, 2022, SDAT issued a letter to plaintiff, indicating that SDAT had received the materials submitted to it on May 20, 2022.  ECF 7; *see* ECF 10 (letter dated June 1, 2022).  Therefore, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Bleues was required to respond to the suit by June 10, 2022.   However, Bleues did not do so.

Accordingly, on June 27, 2022, Vega filed a motion for entry of default judgment against all defendants (ECF 11, the "Motion for Entry of Default"), supported by one exhibit.  ECF 11-1. The Motion for Entry of Default included a Certificate of Service indicating that it was mailed to defendants at the address where plaintiff effected service on the Steuhlers.  ECF 11 at 3 (Certificate of Service); *see* ECF 3; ECF 4.  Additionally, a copy of the Motion for Entry of Default was mailed to the address of Bleues's last known process server.  *See* ECF 11 at 3.

On June 30, 2022, the Clerk entered default, pursuant to Fed. R. Civ. P. 55(a).  ECF 12 (the "Entry of Default").  The following day, July 1, 2022, the Clerk issued a Notice of Default to defendants, advising that they had 30 days to file a motion to vacate the Entry of Default.  ECF 13 (the "Notice").

On July 28, 2022, defendants jointly filed a "Motion to Set Aside and Vacate the Clerk's Entry of Default."  ECF 14 ("Motion to Vacate").  In support, defendants state that they "have a meritorious defense to the Complaint" and that they "have acted with reasonable promptness."  *Id.* at 2.  Further, in their view, Vega "will not be prejudiced if this Court sets aside the entry of default since Defendants' Motion is timely filed," whereas defendants "would be severely prejudiced if the Entry of Default were to remain in place."  *Id.* at 3.  Accordingly, defendants also asked "the Court to grant them leave to file an answer to the Complaint."  *Id.*

Plaintiff has not yet responded to the Motion to Vacate.  *See* Docket.  However, the time do so has not yet expired.  *See* Local Rule 105.2(a).[1]

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ."  In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party."  *SEC v. Lawbaugh*, 359 F.Supp. 2d 418, 421 (D. Md. 2005).  Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided" and "claims and defenses [should] be disposed of on their merits."  *Colleton*, 616 F.3d at 417; *see also United States v. Shaffer Equip.*

---

[1] Of course, further delay would ensue if the Court were to await full briefing.

*Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997).  Although defendants have failed to explain their delay in responding to the Complaint, they have represented that they have a meritorious defense to plaintiff's claims and have sought leave of Court to file to a responsive pleading to the Complaint.  ECF 14 at 2.  However, they provide no hint as to the nature of the defense.

Nonetheless, defendants promptly moved to vacate the Entry of Default, within the thirty-day window specified in the Notice.  *See* ECF 13.   Moreover, given the early stage of this litigation, and the relatively brief delay attributable to defendants, Vega would not be prejudiced by a permitting the adversarial process to begin.  Indeed, plaintiff herself introduced delay into the litigation, by failing to respond timely to an Order of the Court, which the Court has accommodated.  *See* ECF 5; ECF 6.  And, there is no indication of deliberate delay on the part of defendants.

In the exercise of my discretion, and in the interest of permitting the claims and defenses in this litigation to be resolved on their merits, I shall grant the Motion to Vacate and vacate the Entry of Default.  Defendants must respond to the Complaint by August 25, 2022.  However, by August 18, 2022, Vega may move to rescind the accompanying Order as improvidently granted.

Date:  August 4, 2022

_____/s/_____
Ellen Lipton Hollander
United States District Judge